1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT YEE,

        Plaintiff,

  v.

VERNA LIN,

        Defendant.

_____/

No. C 12-02474 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND VACATING HEARING**

## INTRODUCTION

In this email-hacking dispute, plaintiff moves for leave to file an amended complaint. For the reasons stated below, the motion is **GRANTED**. The hearing scheduled for November 8, 2012, is **VACATED**.

## STATEMENT

This action arises out of defendant Verna Lin's alleged hacking of plaintiff Robert Yee's personal and business email accounts. The factual background has already been explained in a prior order (Dkt. No. 34).

In brief, the first amended complaint alleged claims for violation of the Stored Communications Act, California Penal Code Section 502(c)(2), a claim for intrusion upon seclusion and a claim for intentional interference with prospective economic relations. Defendant moved to dismiss for lack of subject-matter jurisdiction and failure to plead each claim. Defendant's motion was granted in part and denied in part. The claim for intentional

interference with prospective economic relations was dismissed for failure to plead with

sufficient specificity.  The order noted that without alleging facts that support defendant's

knowledge of the business relationship and facts concerning the content of the emails that were

allegedly used to disrupt the business relationship, the allegations were conclusory (Dkt. No. 34).

Additionally, at oral argument, plaintiff agreed to forsake the compensatory damage claims

regarding the divorce settlement because the state court proceedings were still on-going (Dkt.

No. 36).

Plaintiff now moves for leave to file an amended complaint.  The proposed amended

complaint adds facts to support the intentional interference claim and specifically excludes

compensatory damages related to the divorce settlement from his prayer for relief.  Defendant

contends that amending the complaint to state the intentional interference claim is futile and

plaintiff did not sufficiently extricate his divorce settlement claim from this action.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under

Rule 15(a).  This standard is applied liberally.  "In the absence of any apparent or declared

reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules

require, be 'freely given' " *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This order first addresses defendant's contention that plaintiff has not honored his

representation to "forego any claim for damages arising out of the parties' divorce proceeding"

(Opp. 5).  This argument is without merit.  At oral argument, plaintiff was advised that:

> if your tell me that you will limit all claims that deal with the
> negotiation of the divorce and the settlement in the divorce,
> and you will limit those to statutory and to attorneys' fees, and
> punitive damages only, and forsake compensatory damages, then
> that would allow us to go forward, because then you don't have to
> worry about the terms of the settlement, or not

(Dkt. No. 36).  Plaintiff responded that "[a]s far as anything related to the divorce settlement,

we are not going to claim any compensatory damages" (*ibid*.).  And, in fact, plaintiff has added

United States District Court
For the Northern District of California

1   language to his proposed amended complaint that specifically excludes any claim for

2   compensatory damages related to the divorce settlement (Second Amd. Compl. 13).

3        The parties were advised at oral argument that the representation to forego compensatory

4   damages related to the divorce settlement was sufficient to allow the action to proceed (Dkt.

5   No. 36).  Plaintiff's claim for disrupted business opportunities is independent from the alleged

6   damages in the divorce settlement (*ibid*).  Accordingly, plaintiff's claims may proceed as

7   indicated at oral argument and in the dismissal order (Dkt. Nos. 34, 36).  This order now turns

8   to the merits of the motion for leave to amend.        The dismissal order stated that plaintiff

9   had not provided specific facts (1) to support the allegations that defendant knew of the business

10   relationship, and (2) regarding the content of the emails disclosed to the business associates to

11   support a plausible claim that defendant's actions were designed to disrupt plaintiff's business

12   interests.  Defendant contends that plaintiff has not cured the deficiencies identified by the

13   dismissal order and amending this claim is futile.

14        The new pleading adds the following facts to support the allegation that defendant knew

15   of the business relationship.  Plaintiff alleges that defendant had "participated in the [Shanghai

16   Joint Venture] SJV during her marriage to YEE, having attended meetings, served as YEE's

17   interpreter, and was well-acquainted with the principals of the SJV and had intimate knowledge

18   of YEE's relationship to the venture."  The new pleading also alleges that Lin Hua Cheng,

19   plaintiff's business associate who became allegedly hostile, was a cousin of defendant, an

20   influential Lin family member, the agent for Lin-related companies in China and was involved

21   in SJV board meetings.

22        Furthermore, the new pleading adds facts concerning the content of the emails that were

23   allegedly hacked and used to disrupt his business venture in China.  Plaintiff alleges that:

24        based on the information LIN learned from YEE's emails, LIN
         specifically divulged to LHC YEE's business strategy relative to
25        SJV, his intention to involve Margaret Lin [defendant's mother]
         in the litigation and the information that YEE intended to file a
26        law suit against Paul Lin [defendant's brother and member of the
         board of directors] for his fraudulent activities.  On information
27        and belief, LIN contacted LHC for the purpose of disrupting YEE
         business relationship with SJV.  Thereafter, LHC, as a direct result
28        of learning this information [from defendant] intentionally created
         a hostile business environment for YEE surrounding the SJV

**United States District Court**
For the Northern District of California

1   (Second Amd. Compl. ¶ 15C).  The additional facts provide sufficient support to state a plausible

2   claim that defendant's actions were designed to disrupt plaintiff's business activities.  *First*, the

3   new pleading cures the first deficiency by providing facts that support the allegation that

4   defendant had knowledge of the business deal and connections to the business participants,

5   like Lin Hua Cheng.  This provides support for the allegation that defendant knew or was

6   substantially certain that the interference would result from her actions.  *Second*, the new

7   pleading cures the second deficiency by providing facts regarding the content of the alleged

8   hack-emails.  It is plausible that if sensitive information was obtained from plaintiff's email

9   and disclosed to business participants, like Lin Hua Cheng, who were connected to both the

10  business deal and Lin's family, a result could be that plaintiff's business dealings would be

11  disrupted.  Taking the allegations together, plaintiff plausibly states a claim that defendant's

12  actions were designed (or were reasonably likely) to disrupt plaintiff's business interest.

13  At the pleading stage, this is all that is required.  Plaintiff has cured the deficiencies that

14  resulted in dismissal of this claim.  Accordingly, plaintiff has stated a proper claim for

15  intentional interference with prospective economic relations and his motion for leave to amend is

16  **GRANTED**.

17                                    **CONCLUSION**

18          For the reasons mentioned above, plaintiff's motion for leave to amend is **GRANTED**.

19  Defendant must answer (no more dismissal motions) by **NOVEMBER 16**.  The hearing scheduled

20  for November 8, 2012, is **VACATED**.

21

22          **IT IS SO ORDERED.**

23

24  Dated:  October 30, 2012.                      _____

25                                                 WILLIAM ALSUP
                                                   UNITED STATES DISTRICT JUDGE

26

27

28

4